UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

BOBBY MART, JR.                                                                  PLAINTIFF

v.                                                     CIVIL ACTION NO. 5:23CV-P17-JHM

ADAM PARROTT *et al.*                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Bobby Mart, Jr., filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. After Plaintiff filed the original complaint (DN 1), the Clerk of Court issued a deficiency notice directing Plaintiff to file his complaint on the Court's approved form (DN 6). Plaintiff filed a second complaint which was docketed as an amended complaint (DN 7). The Federal Rules of Civil Procedure provide that a plaintiff is entitled to amend his pleading once as a matter of right if done within twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1)(B). Because Defendants have not yet been served with process, Plaintiff is entitled to amend his complaint as a matter of right. His amended complaint will be construed as a motion for leave to file an amended complaint, and the motion is **GRANTED**. Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), the amended complaint supersedes, or replaces, the original complaint.

The amended complaint (DN 7) is before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff was a convicted inmate at Kentucky State Penitentiary (KSP) at the time pertinent to the complaint; he has since been transferred. He sues the following KSP personnel in their

individual and official capacities: Lieutenant Adam Parrott; Lauren Massey, identified as a "Unit Admin/former Grievance Counselor"; Warden Scott Jordan; and Nurse Jackie Holmes.

Plaintiff states that on December 31, 2022, he was "depressed and became suicidal." He asserts, "I was in possession of a razor blade. I swallowed said blade. After about 30 minutes of enduring neck/chest/abdominal pain, I chose to seek help. I informed the officer on our walk that night and the officer notified Lt. Adam Parrott; who notified Nurse Jackie Holmes." He reports that a metal detector was run over his neck, chest, and abdomen which showed the presence of metal and that he was put under a body scanner which showed a foreign object in his abdomen. He asserts that during this time he was telling Defendant Holmes that he was "tasting blood" and that "all she did was place me on dry cell and specifically told me if at any point I spit, vomit, or deficate blood, to notify staff immediately." (Emphasis by Plaintiff.) He states that he was then taken back to his cell.

He further states as follows:

> After a while I began to spit up blood. I immediately notified the officer present who called Lt. Adam Parrott over her radio. He came to my cell and asked me, "What's up now, Mart?" I told him I was spitting up/burping up blood. He told me to show him. I did. After I did he looked at the blood and out of nowhere sprayed a massive burst of OC pepper spray directly into my face. All because I did as I was told. The officers then performed a move team, and took me to see the nurse Jackie Holmes, who still did nothing, even with the presence of blood.

(Emphasis by Plaintiff.)

Plaintiff also states that on January 4, 2023, he filed a grievance and sent it to Defendant Massey. He reports that in February he spoke to Defendant Massey who said she never received the grievance so she could not do anything. He also states that on January 13, 2023, he wrote Defendant Jordan "about the issue." He continues, "As I spoke with Ms. Massey I asked her to

find out if [Defendant] Jordan recieved my correspondence. She said 'No.'" He asserts, "How can one receive help if all documents are conveniently 'lost'?"

As relief, Plaintiff requests compensatory and punitive damages, a transfer to a different facility, and "help to ensure this absurdity never happens to anyone else."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less

stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### *A. Official-capacity claims for damages*

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A state, its agencies, and state officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against a state, its agencies, state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against all Defendants for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

#### *B. Individual-capacity § 1983 claims*

#### **1. Defendants Parrott and Holmes**

The Court construes the complaint as alleging claims under the Eighth Amendment for excessive force against Defendant Parrott and for deliberate indifference to Plaintiff's serious medical needs against Defendant Holmes. <u>Upon review, the Court will allow these claims to proceed against Defendants Parrott and Holmes in their individual capacities</u>. In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

4

### 2. Defendant Massey

Plaintiff alleges that he sent a grievance to Defendant Massey but that Massey told him that she did not receive the grievance and could not do anything. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his handling of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). Accordingly, Plaintiff's individual-capacity claim against Defendant Massey will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Defendant Jordan

Plaintiff alleges that he wrote to Defendant Jordan about the alleged events but apparently received no response. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not allege that Defendant Jordan was personally involved in the alleged violation of his rights. Inasmuch as Plaintiff's claim against Defendant Jordan is based on his supervisory role as the warden of KSP, the doctrine of *respondeat superior*, or the right to control employees, does

not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Therefore, Plaintiff's individual-capacity claim against Defendant Jordan will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Injunctive relief claims

Plaintiff's claims for injunctive relief must also be dismissed. Because Plaintiff is no longer incarcerated at KSP, his requests for injunctive relief are moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after transfer to another facility). Therefore, Plaintiff's claims for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's official-capacity claims against all Defendants for damages, individual-capacity claims against Defendants Massey and Jordan, and claims for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a

claim upon which relief may be granted and/or for seeking damages from a defendant who is immune from such relief.

  The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: July 19, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
   Defendants Parrott and Holmes
   General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.010